IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:16-CR-6-BO
No. 2:17-CV-38-BO

| | |
|---|---|
| SHARAY LAVON WILLIAMS,<br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | ) <br> ) <br> ) <br> )    O R D E R <br> ) <br> ) <br> ) |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to the motion to dismiss and filed an amended motion, and the matter is ripe for ruling. For the reasons discussed below, the government's motion is granted, and petitioner's motions are denied.

## BACKGROUND

Pursuant to a written plea agreement, petitioner, Williams, pled guilty to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count one), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). On October 5, 2016, Petitioner was sentenced to 36 months' imprisonment on count one and 60 months' imprisonment on count two, consecutive, for a total sentence of 96 months. Petitioner appealed his sentence, which was affirmed by the Fourth Circuit. Petitioner then filed this § 2255 motion. Petitioner argues that this Court lacked subject

matter jurisdiction over his criminal conviction; that the statutes under which he was convicted are unconstitutional; and that he received ineffective assistance of counsel. In response, the government filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000)).

First, petitioner argues that because he committed his crimes within Elizabeth City, North Carolina, this court lacked subject matter jurisdiction. Second, he argues that the convicting statues are unconstitutionally vague. Apart from ineffective assistance of counsel claims, collateral review is restricted to claims raised on direct review. *Massaro v. U.S.*, 538 U.S. 500, 505-06 (2003). This procedural bar stands unless the defendant can demonstrate either cause and prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

2

Petitioner did not make a jurisdictional or constitutional claim on his direct review. Instead, he only challenged the procedural and substantive reasonableness of his sentence. Petitioner does not make an argument as to cause and prejudice or his innocence, and so his claims are procedurally barred.

Second, petitioner argues that he received ineffective assistance of counsel. To sustain the claim, petitioner must demonstrate that "counsel's performance fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Additionally, petitioner must show that there's a reasonable probability that the result of the proceeding would have gone differently but for the counsel's errors. *Id.* at 694. If the proceeding resulted in a guilty plea, the requirements are more specific: petitioner must demonstrate a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's first ineffective assistance of counsel claim is based on his lawyer's failure to file a pre-trial motion to dismiss the indictment. According to petitioner, this failure was objectively unreasonable because of the lack of subject matter jurisdiction. Such a motion, if filed, would have been frivolous, as the court's subject matter jurisdiction in this case is apparent. Federal courts have jurisdiction over federal criminal prosecutions. 18 U.S.C. § 3231; *U.S. v. Hartwell*, 448 F.3d 707, 716 (4th. Cir. 2006). Petitioner was indicted, pled guilty, and was sentenced for violating federal criminal law. His jurisdictional challenge is meritless, and so his lawyer's actions did not fall below an objective standard of reasonableness.

The *Strickland* standard also applies when determining the effectiveness of appellate counsel. Petitioner's claim comes from his lawyer's failure to raise his two substantive challenges on direct review, which has led to them being procedurally barred. His jurisdictional

3

challenge remained as frivolous at the appellate level as it was at the trial level, and so not raising it was not objectively unreasonable. Petitioner also claims the two statutes at issue are unconstitutionally vague. Vagueness challenges that do not implicate the First Amendment are analyzed on an as-applied basis. *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988). Petitioner pled guilty to and was convicted of violating 21 U.S.C. § 841(a), possession with intent to distribute a quantity of cocaine, and 18 U.S.C. § 924(c)(1)(A), the possession of a firearm during a drug trafficking crime. At his arrest, petitioner possessed two guns and 15 grams of powder cocaine. The conduct he engaged in was "clearly proscribed" by the statute, making his vagueness challenge unsustainable. *See Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010). Therefore, it was not unreasonable to not raise the claim on appeal. Because of this, petitioner's claims of ineffective assistance of counsel fail.

Petitioner also filed an amended motion to vacate his sentence. As this motion simply reiterates his claim as to the effectiveness of his appellate counsel, that motion is also denied.

## Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules"), the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

4

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85. The Court finds that reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motions to vacate [DE 38, 45] are DISMISSED and the government's motion to dismiss [DE 42] is GRANTED. A certificate of appealability is DENIED.

SO ORDERED, this 30 day of November, 2017

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5